IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VINCENT DEWAYNE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-22-00049-JD |
| ) | |
| SERGANT SHELIA MOSES, DCCC, ) | |
| Hominy, *et al*., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 14, 2022, United States Magistrate Judge Shon T. Erwin granted Plaintiff's Motion to Proceed *in Forma Pauperis* [Doc. Nos. 2 and 10], but ordered Plaintiff to pay an initial partial filing fee of $20.82 by March 31, 2022, followed by monthly payments thereafter until the total filing fee of $350.00 was paid. [Doc. No. 11].[1] Plaintiff was cautioned that failure to pay the initial partial filing fee by March 31, 2022, would result in dismissal of this matter.

Plaintiff did not timely pay the initial partial filing fee, and on April 22, 2022, Judge Erwin issued a Report and Recommendation [Doc. No. 14]. Judge Erwin recommends that this action be dismissed without prejudice for Plaintiff's failure to pay the initial partial filing fee as ordered by the Court. *Id.* at 2.

---

[1] Under 28 U.S.C. § 1915, although a court may authorize a prisoner to commence a civil action without prepayment of fees or security therefor in compliance with the statute, Congress has provided that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. §§ 1915(a)(1)–(2), (b)(1). The statute indicates how the court shall assess and collect both the initial partial filing fee and monthly payments until the filing fee is paid. *Id.* § 1915(b)(1)–(2). *See also* [Doc. No. 11].

Judge Erwin advised Plaintiff of his right to object to the Report and Recommendation by May 9, 2022, and explained that Plaintiff's failure to timely object waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. *Id.* at 3. Plaintiff has not filed any objection,[2] nor has he paid the required initial partial filing fee.

The Court therefore **ADOPTS** the Report and Recommendation [Doc. No. 14] in its entirety for the reasons stated therein. The Court **DISMISSES** Plaintiff's Complaint [Doc. No. 1] without prejudice to refiling.

IT IS SO ORDERED this 31st day of May 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff sent a letter on April 27, 2022 [Doc. No. 15], requesting copies of various rules, including the local rules and Federal Rules of Civil Procedure. First, the Court does not rule on correspondence. All requests for Court action must come in the form of a motion. *See* Fed. R. Civ. P. 7(b). Second, even if the Court construed the letter as a motion, the Court is under no obligation to supply litigants with copies of rules or authorities. *See Suarez v. Utah Bd. of Pardons & Parole*, 132 F. App'x 191, 194 (10th Cir. 2005) (unpublished) ("[A]ctual possession of the Federal Rules is not legally required," and noting that the plaintiff had access to the text of the rules). Relatedly, Plaintiff did not establish that he lacks access to the rules he has requested. *See Longyear v. Utah Bd. of Pardons & Parole*, 115 F. App'x 12, 17 (10th Cir. 2004) (unpublished) (stating that plaintiff "could have requested a copy [of the Federal Rules] from a law library"). *Cf. Lewis v. Casey*, 518 U.S. 343 (1996) (discussing constitutional sufficiency of law libraries in prisons). Finally, even if Plaintiff had made the showing described above, Plaintiff has not shown how his request for the rules in any way objects to or is otherwise responsive to the Report and Recommendation at issue, which recommends dismissal based solely on Plaintiff's failure to pay a partial filing fee—not his failure to follow a particular local or Federal Rule.